# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3969 | **DATE** | 1/14/2005 |
| **CASE TITLE** | Stacy Spathies vs. Ford Motor Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons discussed in the attached memorandum opinion and order, defendant's motion to dismiss [Doc. No. 6] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 14 2005 date docketed | |
| ✓ | Docketing to mail notices. | | 11 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mvf(lc) | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY SPATHIES ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04-C-3969 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| FORD MOTOR COMPANY, INC. ) | |
| ) | |
| Defendant. ) | |

DOCKETED
JAN 1 4 2005

## MEMORANDUM OPINION AND ORDER

Plaintiff Stacy Spathies has brought this action against defendant Ford Motor Company, seeking to recover compensatory and punitive damages for harm she suffered in a vehicle accident while driving a sport utility vehicle manufactured and sold by defendant. Spathies' complaint includes five counts: Count I alleges negligence; Count II alleges strict products liability; Count III alleges breach of implied warranty of merchantability; Count IV alleges breach of implied warranty of fitness for a particular purpose; and Count V alleges exemplary (or punitive) damages. This matter is now before this Court on Ford Motor Company's motion to dismiss Spathies' Count V. For the reasons discussed below, defendant's motion is denied.

### I.    FACTS

On September 19, 2002, plaintiff Stacy Spathies was injured in a vehicle accident while driving her 2001 Ford Escape, which she had just leased. Spathies states that the driver's seat belt latch malfunctioned and, as a result, she suffered serious and permanent injury in the vehicle accident. In January 2003, defendant Ford Motor Company issued a recall notice to owners of

/ /

2001 Ford Escape vehicles. The recall notice acknowledge the defective seat belt mechanism, and directed the owners of 2001 Ford Escape vehicles to return the vehicles to a Ford dealer for replacement of the defective seat belt mechanism.

## II. STANDARD

When considering a defendant's motion to dismiss, the Court views the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, when reviewing a motion to dismiss for failure to state a claim, the court must accept as true all of the plaintiff's well-pleaded factual allegations, and draw all reasonable inferences in the plaintiff's favor. *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115 (7th Cir. 1995). Any ambiguities are construed in favor of the plaintiff. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995).

## III. DISCUSSION AND ANALYSIS

Defendant Ford Motor Company moves to dismiss plaintiff Spathies' exemplary damages count (Count V) for failure to comply with an Illinois rule of civil procedure, 735 ILCS 5/2-604.1, that requires a preliminary hearing to be held before a plaintiff can seek punitive damages.[1] Defendant characterizes this rule as substantive and therefore binding on a federal court sitting in diversity jurisdiction. Moreover, defendant asserts, failure to apply the Illinois

---

[1] Section 735 ILCS 5/2-604.1 reads:
**Pleading of punitive damages.** In all actions on account of bodily injury or physical damage to property, based on negligence, or product liability based on strict tort liability, where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages....
§ 735 ILCS 5/2-604.1 (1986).

-2-

rule would encourage have an outcome determinative effect on litigation such as this and encourage plaintiffs to engage in forum shopping.

Plaintiff argues that other courts in this district and in sister districts have held that the Illinois rule is procedural, not substantive, and therefore inapplicable in federal court. Thus, Plaintiff asserts, Defendant's motion must be denied. Defendant acknowledges that other courts have held that Section 2-604.1 is procedural; however, Defendant contends, "with all due respect," that those courts have misapplied the law.

The issue in Defendant's motion turns on whether the Illinois rule can be characterized as substantive or procedural. A federal court sitting in diversity acts as an agent of the state in which it sits and must apply state law to resolve substantive questions and federal law to resolve procedural questions. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). The rationale for requiring a federal court to use the substantive law of the state in which it sits is that it prevents the outcome of the litigation in federal court from differing substantially from that of identical litigation brought in state court. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945).

The Supreme Court has noted that "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor," *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 416 (1996). An early Supreme Court decision interpreting *Erie* proposed an "outcome-determination" test, which asks whether "it significantly affect[s] the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Guaranty Trust*, 326 U.S. at 109. The Supreme Court subsequently modified the outcome determinative test of *Guaranty Trust*, explaining that it must not be applied mechanically but rather must be guided by "the twin

aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). This court notes that the courts in this district which have addressed the question of whether Section 2-604.1 is substantive or procedural under the *Erie* doctrine appear to be agreed that it is procedural in nature. *See Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *7 (N.D. Ill. Sept. 2, 1997); *Johnson v. Vemuri*, No. 94 C 2005, 1994 WL 695527, at *5 (N.D. Ill. Dec. 9, 1994); *Worthem v. Gillette Co.*, 774 F. Supp. 514, 515 (N.D. Ill. 1991); *In re Asbestos Cases*, No. 86 C 1739, 1990 WL 36790, at *3 (N.D. Ill. Mar. 8, 1990); *Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1551 (N.D. Ill. 1989); *Berry v. Eagle-Picher*, No. 86 C 1739/88 C 10631, 1989 WL 77764, at *1-*2 (N.D. Ill. June 27, 1989). At least one sister court has held that the rule is procedural in a factually similar case also involving defendant Ford Motor Company. *Probasco v. Ford Motor Co.*, 182 F. Supp. 2d 701, 704 (C.D. Ill. 2002).

Defendant vigorously argues that decisions of other district courts "carry no weight as precedent or as authority." (Def.'s Br. at 3, citing *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995).) The Seventh Circuit has also stated, however, that "it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court." *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990). This Court has examined the reasoning of its sister courts and finds it persuasive and grants them the weight "their intrinsic persuasiveness merits." *Id.*

This Court finds Section 2-604.1 is procedural, not substantive, for three reasons. First, Section 2-604.1 is contained in the Illinois Code of Civil Procedure, specifically the section that governs pleading and procedure in Illinois. The section itself is titled "*Pleading* of punitive

-4-

damages." 735 ILCS 5/2-604.1 (1986) (emphasis added). The federal equivalent to the Illinois pleading section is found in Rule 8 of the Federal Rules of Civil Procedure, which is clearly a procedural provision. *Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1551 (N.D. Ill. 1989).

Second, application of the "outcome determinative" test, which courts apply to determine whether a state law can be best viewed as substantive or procedural, demonstrates that this rule is procedural. *Hanna v. Plumer*, 380 U.S. 460 (1965). According to the outcome determinative test, when application of federal law in place of state law would result in a federal court outcome different from that of a state court, state law should be applied. *Id.* Defendant contends that failure to apply Section 2-604.1 will encourage forum shopping by plaintiffs by allowing them to bring unproven claims in federal court that they could not bring in state court. The applicability of Section 2-604.1 is not outcome determinative. Rule 11 of the Federal Rules of Civil Procedure requires that counsel make a reasonable inquiry to assure that any claims brought are well-grounded in fact. Fed. R. Civ. P. 11(b)(3); *see also Probasco v. Ford Motor Co.*, 182 F. Supp. 2d 701, 704 (C.D. Ill. 2002) ("[Rule] 11, like § 5/2-604.1, requires a party to make a reasonable inquiry to ensure that allegations and factual contentions have or will have evidentiary support"); *Belkow*, 722 F. Supp. at 1552. For these reasons, there is little risk that plaintiffs will bring claims in federal court simply to avoid a pretrial punitive damages hearing in Illinois state court. Defendant's fear of encouraging forum shopping is unsupported.

Finally, a close examination of the text of Section 2-604.1 itself reinforces the conclusion that it is procedural. Section 2-604.1 provides a time frame within which plaintiffs in a limited number of cases may seek punitive damages. It does not create and it does not destroy any substantive right. *Worthem v. Gillette Co.*, 774 F. Supp. 514, 516 (N.D. Ill. 1991). It functions as

a procedural device to limit the availability of certain damage claims if plaintiff fails to follow the proper procedure for seeking those claims. *Id.*

## Conclusion

For the foregoing reasons, defendant Ford Motor Company's motion to dismiss plaintiff Stacy Spathies' exemplary damages count (Count V) is denied.

Enter:

David H. Coar
United States District Judge

Dated: **January 14, 2005**